J-S25032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL ALLAN FROST, | |
| Appellant | No. 1663 WDA 2014 |

Appeal from the PCRA Order September 3, 2014
in the Court of Common Pleas of Crawford County
Criminal Division at No.: CP-20-CR-0001288-1999

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                                    **FILED APRIL 10, 2015**

Appellant, Michael Allan Frost, appeals *pro se* from the order dismissing his tenth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

A previous panel of this Court set forth the relevant factual and procedural history of this case as follows:

> On March 10, 2000, Appellant entered guilty pleas to three counts of involuntary deviate sexual intercourse [(IDSI)] and two counts of endangering the welfare of children after he engaged in improper conduct with his five children.  [On May 23, 2000,] [t]he trial court [entered an order] sentenc[ing] Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

> to an aggregate term of sixteen to thirty-two and one-half years of imprisonment.[1]  Appellant did not file a direct appeal.
>
> Subsequently, Appellant . . .  filed a plethora of writs, motions and PCRA petitions in a series of unsuccessful attempts to overturn his conviction[s]. . . .

(**Commonwealth v. Frost**, No. 1969 WDA 2013, unpublished memorandum at *1-2 (Pa. Super. filed May 6, 2014) (citations and quotation marks omitted)).

On August 5, 2014, Appellant, acting *pro se*, filed the instant PCRA petition, his tenth, alleging, *inter alia*, that his sentence is illegal based on the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151, 2155 (2013) (holding that, to comply with dictates of Sixth Amendment, facts that increase mandatory minimum sentence are elements of offense and must be submitted to jury and proven beyond reasonable doubt).  (**See** PCRA Petition, 8/05/14, at 3).  On August 11, 2014, the PCRA court entered a memorandum and order advising the parties of its intent to dismiss the petition as untimely without a hearing, and stating that Appellant's reliance on **Alleyne** is misplaced.  (**See** Memorandum and Order, 8/11/14, at 1-3); **see also** Pa.R.Crim.P. 907(1).  On September 3, 2014,

---

[1] The trial court imposed the mandatory minimum term of five years' incarceration for each IDSI count, and ran the terms consecutively.  (**See** N.T. Sentencing Hearing, 5/19/00, at 8, 23-25; Sentencing Order, 5/23/00, at 1; Appellant's Brief at 20); **see also** 42 Pa.C.S.A. § 9718 (mandatory minimum sentence statute relating to IDSI).

Appellant filed a *pro se* response. On that same date, the court entered its order dismissing the PCRA petition. This timely appeal followed.[2]

On appeal, Appellant claims that the PCRA court erred in denying his petition as untimely where the sentence he is serving is illegal. (***See*** Appellant's Brief, at 2-22).[3] We disagree.

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the

---

[2] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on October 31, 2014. ***See*** Pa.R.A.P. 1925(b). The PCRA court entered a Rule 1925(a) opinion on November 13, 2014. ***See*** Pa.R.A.P. 1925(a).

[3] We note that Appellant's *pro se* brief falls well below the standards delineated in the Pennsylvania Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2111(a). Significantly, Appellant fails to include a statement of the questions involved, statement of the case, or summary of the argument, in violation of Pa.R.A.P. 2116-18. (***See*** Appellant's Brief, at 1-22). What appears to be the argument section of his brief is not labeled as such or divided into questions to be argued; it instead is separated into three "grounds," in violation of Pa.R.A.P. 2119. (***See id.*** at 2-22). The arguments contained in the brief are underdeveloped and nearly unintelligible. (***See id.***). Although we could quash or dismiss this appeal for Appellant's failure to conform materially to the requirements set forth in our Rules of Appellate Procedure, ***see*** Pa.R.A.P. 2101, we will address Appellant's argument to the extent we can discern it. ***See Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (declining to quash appeal despite numerous substantial defects in appellant's brief).

We also note that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citation omitted). Accordingly, a *pro se* litigant must comply with our procedural rules. ***See id.***

determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and quotation marks omitted).

"[W]e must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In this case, Appellant's judgment of sentence became final on June 22, 2000, thirty days after the trial court imposed its sentence and his time for filing a timely direct appeal expired. ***See*** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief, specifically, until June 22, 2001. ***See*** 42 Pa.C.S.A. §

9545(b)(1). Because Appellant filed the instant petition on August 5, 2014, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted). In addition, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant claims the benefit of a newly-recognized retroactively-applied constitutional right to relief predicated on the United States Supreme Court's decision in **Alleyne**, **supra**. (**See** Appellant's Brief, at 11-22); **see also** 42 Pa.C.S.A. § 9545(b)(1)(iii). He asserts that a challenge to the legality of a sentence cannot be waived, and that **Alleyne** retroactively applies to this case, rendering his untimely petition reviewable on the merits. (**See** Appellant's Brief, at 12-13). We disagree.

Initially, we reiterate that the exception set forth in section 9545(b)(1)(iii) applies only where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania] Supreme Court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Garcia**, 23 A.3d 1059, 1063 (Pa. Super. 2011), *appeal denied*, 38 A.3d 823 (Pa. 2012) (citations omitted).

Instructive to the instant case is this Court's decision in **Miller**, **supra**, in which the appellant argued the applicability of section 9545(b)(1)(iii) to his patently untimely PCRA petition. **See Miller**, **supra** at 993. Specifically, the appellant averred that the **Alleyne** decision announced a new constitutional right that applies retroactively to cases on collateral review. **See id.** at 993-94. The **Miller** Court disagreed, explaining:

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.
>
> We are aware that an issue pertaining to **Alleyne** goes to the legality of the sentence. It is generally true that this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.* However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. As this Court recently noted, [t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim. As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's second PCRA petition, as it was untimely filed and no exception was proven.

**Id.** at 995-96 (quotation marks, footnote, and citations omitted).

In the instant case, although Appellant invokes section 9545(b)(1)(iii) based on **Alleyne**, neither the United States Supreme Court nor our

Supreme Court has held that *Alleyne* applies retroactively to cases on collateral review. *See id*. at 995. "This is fatal to Appellant's argument regarding the PCRA time-bar." *Id.*[4] After review, we conclude Appellant has not met his burden of proving his patently untimely petition fits within one of the three limited exceptions to the PCRA's jurisdictional time-bar. *See Jones*, *supra* at 17.[5] Accordingly, the PCRA court properly dismissed

---

[4] We note for the sake of completeness that in *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014), a case on direct appeal, a panel of this Court held section 9718 of the Sentencing Code unconstitutional in light of *Alleyne*, *supra*, and this Court's decisions in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) and *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014). *See Wolfe*, *supra* at 805-06. However, that decision has not been held to apply retroactively to cases on collateral review.

[5] To the extent that Appellant argues application of *Alleyne* pursuant to the "after discovered facts" exception to the time-bar set forth in section 9545(b)(1)(ii), (*see* Appellant's Brief, at 11), this argument also fails. Our Supreme Court, in *Commonwealth v. Watts*, 23 A.3d 980 (Pa. 2011), expressly cautioned against confusing the concepts of "fact" and "law", and rejected the notion that a law can be considered a newly-discovered fact capable of invoking the protections afforded by the PCRA's after-discovered facts exception. *See Watts*, *supra* at 986-87 (holding that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA"). Therefore, Appellant's apparent assertion that publication of the *Alleyne* decision qualifies as a previously unknown fact triggering the timeliness exception set forth in section 9545(b)(1)(ii) fails.

We also note that the United States Supreme Court decided *Alleyne* on June 17, 2013. Appellant filed the instant PCRA petition more than one year later, on August 5, 2014. Therefore, Appellant has failed to comply with the PCRA sixty-day rule. *See* 42 Pa.C.S.A. § 9545(b)(2). Appellant's petition would fail for this reason as well.

Appellant's petition as untimely with no exception to the time-bar pleaded or proven.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/2015